HUBERT TAYLOR, Judge.
Appellant, Foster Sellers, filed a pro se petition for writ of error coram nobis, which was denied without a hearing. The appeal is based on the issue of ineffective counsel.
Sellers was indicted for burglary along with Jerald Carter and Dick Harris. Sellers was convicted of second degree burglary in 1969, but the indictments against Harris and Carter were dismissed in 1971 and 1972 respectively.
Included in Sellers’ petition is a letter written to him by his trial attorney several months after his conviction. It reads in part as follows:
“Jerald Carter told me that he and Dick Harris would testify that they committed the burglary while you were sleeping in a motel. I did not call them for two reasons. First, I did not know of any *232 legal procedure to have them produced for trial since they were incarcerated in Georgia. Second, since I represented Jerald, I could not advise him to testify for you and receive a sure sentence since there was a good possibility the State would never try him or Dick. I got the impression around the Courthouse that State was willing to forgo their trial because of the D.A.’s desire’to convict you, and the possibility that they would enter guilty pleas and testify for you would upset his ease as he had already announced his candidacy for Attorney General.” (Emphasis added.)
The letter affirmatively shows a conflict of interest. When a conflict of interest exists, there is a denial of the right to effective representation even without the showing of specific prejudice.. See Jacques v. State, 409 So.2d 876 (Ala.Cr.App.1981), and authorities cited therein.
The petition properly alleges ineffective assistance of counsel and provides sufficient specific grounds to warrant a hearing on the petition. For that reason, the cause is remanded to the trial court with instructions that a hearing be held on the petition and that the judge’s findings of fact be returned to this court.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.

On Return To Remand

PATTERSON, Judge.
Appellant, Poster Sellers, filed a pro se petition for writ of error coram nobis, which was dismissed by the trial court without a hearing. On appeal this court held that the petition properly alleged ineffective assistance of counsel in appellant’s trial for burglary in the second degree in 1969, and that the trial court should have granted appellant a hearing. This court remanded the cause to the trial court with instructions that a hearing be held on the petition for writ of error coram nobis, and that due return be made to this court.
The trial court filed its return to remand September 27, 1984, advising this court that it had entered an order on September 21, 1984, granting appellant’s petition for writ of error coram nobis, and setting aside and dismissing his 1969 conviction of second degree burglary in the Circuit Court of Houston County, Alabama, Case No. 8576, as well as the seven year sentence imposed thereon.
In view of the action of the trial court in granting appellant’s petition and dismissing his burglary conviction, this appeal is due to be, and is hereby, dismissed.
DISMISSED.
All Judges concur.